KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Elena Udalova

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-01968-PHX-SMB (CDB)

**ORDER**

Self-represented Petitioner Elena Udalova, who is confined in the Eloy Detention Center, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1)[1]

Petitioner is a native and citizen of Russia who has been in immigration detention since September 2024, when her removal proceedings were initiated. On March 25, 2025, an immigration judge (IJ) denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner appealed the IJ's decision to the Board of Immigration Appeals (BIA), and on October 29. 2025, the BIA remanded the case to the immigration court for further proceedings. On January 13, 2026, the IJ denied relief on remand. Petitioner's timely appeal of the IJ's January 2026 decision to the Board of Immigration Appeals remains pending.

Petitioner contends she has been detained for more than seventeen months without any individualized determination of whether she presents a flight risk or danger to the

---

[1] In addition to her Petition, Petitioner also filed a Motion for Temporary Restraining Order (Doc. 2). Because the Court is dismissing the Petition, the Motion will be denied as moot.

community.  Petitioner argues her current detention without a bond hearing has become unreasonably prolonged and violates the Due Process Clause of the Fifth Amendment.  She seeks immediate release from custody, or in the alternative, a bond hearing.

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings.  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention.  And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).  Based on Petitioner's allegations, the Court finds Petitioner is subject to mandatory detention and, therefore, not entitled to a bond hearing under statutory or constitutional authority.  The Court will dismiss the Petition without prejudice and deny as moot the Motion for Temporary Restraining Order.

**IT IS ORDERED:**

(1)     The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.  The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(2)   Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied as moot**.

Dated this 24th day of March, 2026.

Honorable Susan M. Brnovich
United States District Judge